NICHOLS, J., of the Seventh Appellate District, sitting by designation in the Second Appellate District.

CARLTON, APPELLANT, *v.* CARLTON, APPELLEE.

(No. 707—Decided March 19, 1945.)

*Mr. Moses Lane,* for appellant.
*Mr. Alva W. Bachman,* for appellee.

CARPENTER, J. This is an action to annul the marriage of the parties on the grounds that plaintiff was under eighteen years of age at the time it was licensed and solemnized. There was also some claim of fraud committed by the defendant wife and her father, but this is unimportant to the decision hereof.

The cause is in this court on appeal on questions of law and fact. The essential facts are undisputed and are as follows:

The marriage took place on July 22, 1944. At that time plaintiff was seventeen years of age, having been born on September 10, 1926, and defendant was nine-

teen. The father of defendant consented to her marriage, and plaintiff gave his age as twenty-two in the application for the license. His father was living and resided in West Virginia. The parties lived together and cohabited for five days after the marriage, when plaintiff left defendant, and on August 1, 1944, by his father as next friend, brought this action.

On November 30, 1944, a child was born to defendant, which child was a normal baby. Both parties admitted that they had sexual relations. The plaintiff testified that this began after April 17, 1944; the defendant that it was about March 19, 1944. She also admitted that she had had such relations previously with another man.

Section 11181, General Code, specifies who may marry. It reads in part as follows:

"Male persons of the age of eighteen years, and female persons of the age of sixteen years, not nearer of kin than second cousins, and not having a husband or wife living, may be joined in marriage."

The statute, substantially in this form, has been in effect in Ohio since the organization of the state. 1 Ohio Laws, 31. In *Shafher* v. *Ohio,* 20 Ohio, 1 (1851), the charge was bigamy, and the defense was that the first marriage was void for the reason that the accused was under the statutory age. After quoting the statute and reviewing the common-law authorities, Judge Ranney said:

"We think these authorities very conclusively show that the contract of marriage when entered into by a person under the age fixed by law, is void, as well for the want of capacity in the infant to make it, as being opposed to sound policy and the positive requirements of the land."

The Supreme Court has never modified the force of that decision.

That the Legislature has strictly construed the stat-

ute is indicated by Section 11181-1, General Code, which it first enacted in 1915, 106 Ohio Laws, 17, and amended in 1931, 114 Ohio Laws, 476, and in 1941, 119 Ohio Laws, 299, by which it is provided that a license can be issued when one of the parties "is under the minimum age otherwise prescribed by law" if the female is approaching maternity. This statute afforded correct procedure by which these parties, with the consent of the judge of the Juvenile Court, might have effected a valid marriage, had they used it, even without the consent of plaintiff's parents.

As the plaintiff was incapable of entering into a valid marriage, because of his nonage, and it is undisputed that he did not ratify it after he reached the age of eighteen on September 10, 1944, the finding must be that the marriage was void and a decree annulling it will be entered at the cost of the defendant.

*Decree for appellant.*

STUART and CONN, JJ., concur.